IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Keith Hoddenback, | ) |
|       Plaintiff, | ) Case No. 11 C 50348 ) ) |
| vs. | ) ) |
| Nedra Chandler, et al., | ) ) Judge Philip G. Reinhard |
|       Defendants. | ) ) |

**ORDER**

      For the reasons stated below, defendants Nedra Chandler, Chris Barnhart, Brian Fairchild, and Amber Allen's motion to dismiss is granted in part and denied in part. Brian Fairchild and Chris Barnhart are dismissed as defendants.

**STATEMENT - OPINION**

      Plaintiff, Keith Hoddenback, an inmate at Dixon Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges violations under the Eighth Amendment for deliberate indifference to medical needs. He specifically names Nedra Chandler, (the Warden of the Dixon Correctional Center), Chris Barnhart, (a Grievance Officer at Dixon Correctional Center), Brian Fairchild, (a member of the Administrator Review Board of the Illinois Department of Corrections ("IDOC")), Amber Allen, (the Director of Nursing at Dixon Correctional Center), Dr. Imhotep Carter, (the Medical Director at Dixon Correctional Center), Dr. Robin Schrecengost and Dr. Rohit Agrawal, (physicians at Wexford Health Source), Dr. Arthur Funk (the Medical Director at Wexford Health Source, Inc.), and Curtis O'Neal (an employee responsible for the healthcare units at Dixon Correctional Center) as defendants. For the sake of clarity, the court will refer to defendants Chandler, Barnhart, Fairchild, and Allen as the Prison Official defendants and will refer to defendants Carter, Schrecengost, Agrawal, Funk, and O'Neal as the Medical Personnel defendants. The Medical Personnel defendants have answered plaintiff's second amended complaint. The Prison Official defendants have filed the motion to dismiss that is currently before the court.

      In the motion to dismiss, the Prison Official defendants argue plaintiff's claim fails because 1) the second amended complaint fails to allege sufficient facts that the Prison Official defendants were personally involved in the alleged deprivation of plaintiff's constitutional right;

1

and 2) they are entitled to qualified immunity. They move for dismissal under Federal Rule of Civil Procedure 12(b)(6).

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

While the second amended complaint only asserts one count under 42 U.S.C. § 1983, it sets forth separate factual allegations which plaintiff contends collectively amount to a violation of the Eighth Amendment. All of these allegations relate to defendants' alleged deliberate indifference to plaintiff's medical needs.

Specifically, plaintiff explains that he began to experience severe pain in his right eye in February 2010. Immediately after he noticed the pain, he filed a number of grievances requesting medical treatment. Plaintiff complains these grievances were either ignored or denied and claims he did not see a physician until March 2010. Allegedly, at that time, an eye physician at Dixon Correctional Center informed plaintiff he was suffering from "a rip or slight detachment of the retina in his eye as well as a cloudy fluid in his right eye." [90] at ¶ 20. Shortly after learning this, plaintiff filed additional grievances seeking medical care. However, these grievances were ignored or denied. Plaintiff complains he did not receive treatment of any kind until August 2010. At that time, he saw a retina specialist who informed him surgery was necessary. Approximately a month later, plaintiff had the recommended surgery. While plaintiff does not allege that any complications occurred during the surgery, he contends he did not receive the proper post-operative care when he returned to Dixon Correctional Center. Because of this, he filed grievances seeking the appropriate follow-up care, but again had his grievances denied. *Id.* ¶ 27. In November 2010, plaintiff had a second surgery. While unclear, it appears this surgery was for the same eye condition. *Id.* ¶ 32. After the second surgery was complete, plaintiff once again believed he was not receiving proper post-operative care at Dixon. As a result, he filed grievances requesting medical attention, but those grievances were denied. In sum, plaintiff states he "waited over 7 months, in severe pain and disability, to receive any treatment for the serious medical condition of a detached retina . . . and waited over 2 months, in severe pain and disability, to receive necessary follow-up treatment." *Id.* ¶ 43. He contends the delay in receiving medical treatment amounts to deliberate indifference to his medical needs.

The second amended complaint also provides factual allegations regarding a different medical condition plaintiff was suffering from around the same time. Specifically, plaintiff explains in January 2010 he noticed "an abnormal discharge from his penis" and had pain when urinating. *Id.* ¶ 44. He claims he filed a number of grievances regarding this condition, but those

grievances were denied. He states that he brought this issue to the attention of his treating physicians, but his concerns were ignored. According to plaintiff, these facts further support his deliberate indifference claim.

Plaintiff's final allegation is that defendants' refusal to renew his bottom bunk permit also supports his claim. The second amended complaint states that plaintiff had previously received a bottom bunk permit because of his poor eyesight, but in October 2011, defendants refused to renew the permit and refused to provide plaintiff eyeglasses. This, in conjunction with the facts described above, form the basis of plaintiff's claim under 42 U.S.C. § 1983.

The Prison Official defendants argue these allegations are insufficient to form a cognizable claim. They contend the second amended complaint is void of any allegations that defendants Chandler, Barnhart, Fairchild, or Allen were personally involved in the alleged deprivation of plaintiff's constitutional right. Alternatively, they argue qualified immunity shields them from liability. The court will address each argument in turn.

### I.  42 U.S.C. § 1983

Section 1983 creates a cause of action based on personal liability. Therefore, liability does not attach unless the individual defendant "caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010). "[A] government official satisfies the personal responsibility requirement if the conduct causing the alleged constitutional deprivation occurs at the official's direction or with his knowledge and consent.*" Ford v. Wexford Health Sources, Inc.*, No. 12-C-4558, 2013 WL 474494 at *5 (N.D. Ill. Feb. 7, 2013) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Prison officials are liable under Section 1983 if they are deliberately indifferent to a prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To establish deliberate indifference, a plaintiff must allege a defendant knew of "a substantial risk of harm to the inmate and disregard[ed] that risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Thus, the court must determine whether the second amended complaint sufficiently alleges that each of the Prison Official defendants were personally involved in the alleged constitutional deprivation.

### A.  Nedra Chandler

Defendant Chandler was the Warden of Dixon Correctional Center during the time of plaintiff's injury. Plaintiff alleges Chandler denied the emergency grievances plaintiff filed when he initially sought access to medical care in March 2010. *See* [90] ¶ 80. He claims his "pain and suffering was unnecessarily prolonged" as a result of Chandler's deliberate indifference to his grievances. *Id.* ¶ 82. The Prison Official defendants argue these allegations are insufficient to establish personal involvement. They point out that the mere denial of a grievance is insufficient to establish liability under Section 1983.

Defendants are correct that a denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950,

953 (7th Cir. 2011). However, "non-medical prison officials may become personally involved in an inmate's medical care by ignoring grievances that indicate a constitutional violation." *Watkins v. Ghosh*, No. 11-C-1880, 2011 WL 5981006 at *6 (N.D. Ill. Nov. 28, 2011). Plaintiff claims that at the time he submitted his emergency grievance Chandler denied his grievance based on "only a cursory or erroneous review of the grievance." [90] ¶ 81. While the denial alone is insufficient to establish liability, ignoring or failing to conduct an investigation of an inmate's grievance can indicate personal involvement in a constitutional violation. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[N]on-medical defendants cannot simply ignore an inmate's plight."). Plaintiff's emergency grievance dated March 16, 2010 states with specificity the conditions he was suffering from and his request for medical attention.[1] *See* [34-4] at Page ID # 250. After he failed to receive response, he wrote a follow-up letter to a grievance officer at Dixon Correctional Center on March 30, 2010. *See* [34-4] at Page ID# 251-52. The letter reiterated plaintiff's medical concerns and his lack of care and also explained that he had filed an emergency grievance directly to Defendant Chandler on March 16, 2010, but had not received a response of any kind. *See* [34-4] at Page ID # 251-252. These facts allow the court to infer that Chandler had actual knowledge of plaintiff's condition, but failed to take action. Because of this, the court finds plaintiff has sufficiently alleged Chandler's personal involvement in the alleged constitutional deprivation. As such, the court declines to dismiss her as a defendant. *See Watkins*, 2011 WL 5981006 at *6 (refusing to dismiss a prison warden from a plaintiff's Section 1983 complaint because the plaintiff alleged the warden denied his prison grievance without conducting any investigation).

### B. Brian Fairchild

Brian Fairchild was an administrator sitting on the Administrative Review Board for IDOC at the time of plaintiff's injuries. The second amended complaint alleges that "Fairchild denied [p]laintiff's grievances for access to medical care." [90] ¶ 79. While plaintiff alleges Chandler engaged in a cursory review or otherwise ignored his grievances, plaintiff does not provide allegations of this nature with respect to Fairchild. Instead, the only allegation suggesting Fairchild was deliberately indifferent to plaintiff's medical needs is the allegation that

---

[1] While at the motion to dismiss stage the court typically is permitted to examine only the parties' pleadings, the Seventh Circuit has carved out a few narrow exceptions to this general rule. *See Venture Assocs. Corp. V. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Those exceptions include documents or exhibits which are central to plaintiff's claims. *Id.*; *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (explaining the principle that documents central to a plaintiff's claims and referred to in a complaint are permitted to be considered at the motion to dismiss stage). In his response in opposition to the motion to dismiss, plaintiff references exhibits that the Medical Personnel defendants attached in a motion for summary judgment that the court previously denied. The exhibits include, among other things, copies of the grievances plaintiff filed requesting medical treatment. These grievances are referenced throughout plaintiff's complaint and are central to the plaintiff's claim and therefore can be considered in this motion to dismiss. *See id.*

Fairchild denied a handful of plaintiff's grievances. This is insufficient to establish personal involvement under Section 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that a denial of a grievance "by persons who otherwise [do] not cause or participate in the underlying conduct states no claim."). Moreover, it is evident that Fairchild (unlike Chandler) investigated plaintiff's allegations prior to denying the grievances. In one response Fairchild sent to plaintiff he states he "contacted [the] Health Care Administrator Allen . . . [who informed him that plaintiff had] been appropriately seen and treated." [34-4] at Page ID #253. It is well established that prison officials may properly rely on health staff to assess an inmate's needs. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This, in conjunction with the fact that plaintiff has failed to allege Fairchild was otherwise personally involved in the alleged constitutional deprivations, cause the court to conclude that plaintiff's Section 1983 claim against Fairchild cannot stand. Accordingly, the court grants the Prison Official defendants' motion to dismiss with respect to Fairchild and dismisses him from the suit.

### C. Amber Allen

Amber Allen was the Director of Nursing at Dixon Correctional Center at the time of plaintiff's injuries. The second amended complaint states Allen is liable because she "unreasonably waited about two months to deny [p]laintiff's grievance" and because she "failed to provide [p]laintiff with proper follow up and post operative care as directed by the University of Illinois Hospital physicians." [90] ¶¶ 74; 75. The Prison Official defendants contend these allegations are insufficient. They argue Allen was not in a position to provide plaintiff follow-up care since she was entitled to rely upon the judgment of plaintiff's treating physicians. While defendants' contentions may be accurate, at the motion to dismiss stage the court accepts a plaintiff's well-plead allegations as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Here, when the court accepts what plaintiff alleges is true - that Allen failed to provide him proper follow-up care - it is plausible that a factfinder could infer Allen ignored plaintiff's treating physicians' instructions regarding his medical needs. This raises an inference of deliberate indifference. *See Blankenship v. Obaisi*, 443 Fed. Appx. 205, 209 (7th Cir. 2011); *see also Walker v. Sheahan*, 526 F.3d 973, 976, 980 (7th Cir. 2008) (explaining that the lack of prompt follow-up care may be evidence of deliberate indifference). Accordingly, plaintiff has sufficiently alleged Allen's personal involvement in the alleged constitutional deprivation and she will not be dismissed.

### D. Chris Barnhart

Chris Barnhart was a Grievance Officer at Dixon at the time of plaintiff's injuries. Plaintiff alleges Barnhart is personally liable because he "denied [p]laintiff's grievance with only a cursory review that did not take into account material information." [90] ¶ 77. As the court previously noted, the denial of a grievance by persons who otherwise do not cause a constitutional deprivation cannot form a cognizable claim for deliberate indifference to medical needs. *Owens*, 635 F.3d at 953. Plaintiff does not allege that Barnhart ignored his grievance or failed to investigate them entirely (nor could he as Barnhart's responses indicate at least some investigation of plaintiff's grievance). *See* [34-4] at Page ID #255. As such, the court finds plaintiff has failed to allege Barnhart was personally involved in the alleged deprivation. *See*

5

*Hicks v. Young*, No. 10-C-38, 2011 WL 5507379 at *5, (N.D. Ill. Nov. 9, 2011) (finding a prison official's unsatisfactory handling of an inmate's grievance was not actionable under Section 1983). Because of this, the court dismisses Barnhart as a defendant.

## II. Qualified Immunity

The Prison Official defendants also argue dismissal is appropriate because they are entitled to qualified immunity. They contend the defense is applicable here since they were performing discretionary functions when reviewing plaintiff's grievances. Generally, qualified immunity protects state officials from civil liability if their actions do not violate clearly established constitutional rights. *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 914 (7th Cir. 2011). In determining whether a government official is entitled to such immunity the Seventh Circuit instructs courts to analyze "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id.* Because this inquiry is usually fact intensive, dismissal on this basis is generally not appropriate. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This is especially true since plaintiffs are not required to plead facts that overcome the defense. *Id.*

In this case, plaintiff has adequately alleged that defendants Chandler and Allen acted with deliberate indifference to his serious medical needs. These are allegations that violate a clearly established constitutional right. Because the record requires further development of the seriousness of plaintiff's medical condition and the actions (or lack thereof) of Chandler and Allen, dismissal on the grounds of qualified immunity is inappropriate here. *See Bond v. Aguinaldo*, 265 F. Supp. 2d 926, 929 (N.D. Ill. 2003) (rejecting qualified immunity defense at pleading stage because plaintiff sufficiently alleged deliberate indifference to serious medical needs, which is a clearly established constitutional violation).

For the reasons stated above, defendants Nedra Chandler, Chris Barnhart, Brian Fairchild, and Amber Allen's motion to dismiss is granted in part and denied in part. Brian Fairchild and Chris Barnhart are dismissed as defendants. All other defendants remain.

Date: 10/28/2013                                             ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices Mailed by Judicial Staff. (LC)