IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Keith Hoddenback, | ) | |
|---|---|---|
| | ) | Case No. 11 C 50348 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nedra Chandler, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |
| | ) | |

## ORDER

For the reasons below, defendant Wexford Health Sources, Inc.'s motion to dismiss count III [147] is granted.[1]

## STATEMENT - OPINION

Plaintiff, Keith Hoddenbach,[2] an inmate at Dixon Correctional Center, brings this civil rights case pursuant to 42 U.S.C. § 1983. In his third amended complaint, [134] plaintiff alleges violations under the Eighth Amendment for deliberate indifference to medical needs. He specifically names Dr. Imhotep Carter, (the Medical Director at Dixon Correctional Center), Dr. Rohit Agrawal (physician at Wexford Health Source, Inc.), Dr. Arthur Funk (the Medical Director at Wexford Health Source, Inc.), Robin Schrecengost (member of the Utilization Management Department at Wexford Health Source, Inc. responsible for evaluating requests and referrals for medical care), and Wexford Health Source, Inc. (corporation that provides medical care to inmates at Dixon Correctional Center), as defendants.

Count I of the third amended complaint asserts a claim against defendants Dr. Carter, Dr. Funk, Dr. Agrawal, and Robin Schrecengost. In count I, plaintiff alleges the aforementioned

---

[1]In the same filing, [147] defendant Wexford Health Sources, Inc. also moved to bifurcate and stay proceedings with regard to Wexford. The motion to bifurcate and motion to stay have subsequently been denied in open court by the Honorable Ian D. Johnston, magistrate judge. *See* [153]. Thus, the only motion before this court is Wexford Health Sources, Inc.'s motion to dismiss count III.

[2]Plaintiff's surname is incorrectly misspelled as "Hoddenback" in the case caption.

1

defendants are liable because they failed to provide adequate medical care to plaintiff in relation to his serious medical needs concerning a retinal injury and chronic urinary issues. Count II of the second amended complaint is asserted against Wexford Health Services, Inc. ("Wexford"). In count II, plaintiff claims Wexford has an unconstitutional policy of not providing medically necessary services to inmates. Count III is also asserted against Wexford and is labeled as a "vicarious liability" claim. In count III, plaintiff claims that Wexford is liable for the acts of its employees (Dr. Carter, Dr. Funk, Dr. Agrawal, and Robin Schrecengost).

All defendants jointly answered plaintiff's third amended complaint on September 26, 2014 and jointly filed an amended answer on November 4, 2014. *See* [138], [146]. On February 4, 2015, three months after filing its amended answer, Wexford filed the 12(b)(6) motion to dismiss that is currently before the court. *See* [147]. In its motion to dismiss, Wexford argues that controlling precedent does not allow for derivative liability (i.e. vicarious liability or respondeat superior) in Section 1983 claims. Plaintiff has filed its response to the motion [155] and Wexford has filed its reply [161].

As a preliminary matter, plaintiff challenges Wexford's motion as untimely on the grounds that Wexford has already answered the third amended complaint. *See* [138], [146]. While plaintiff is correct that the time period for filing a Rule 12(b)(6) motion has passed, the Seventh Circuit has held that "a 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 757 n. 1 (7th Cir. 2006) (citing *Lanigan v. Vill. of East Hazel Crest, Illinois*, 110 F.3d 467, 470 n. 2 (7th Cir.1997)). A Rule 12(c) motion is timely so long as it is filed "[a]fter the pleadings are closed – but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c); *see also Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) (Rule 12(c) motion timely even after dispositive motions deadline where it will not delay trial or interfere with Rule 16(b) requirements). Thus, plaintiff's motion will be treated as a Rule 12(c) motion and evaluated under the same standard as a Rule 12(b)(6) motion.

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

Wexford contends that count III must be dismissed because Section 1983 does not provide for respondeat superior claims. Plaintiff, on the other hand, argues that recent precedent suggests that such claims should be permissible. However, the court does find plaintiff's support persuasive.

2

Plaintiff principally relies upon the Seventh Circuit's recent decision in *Shields v. Illinois Dept. Of Corrections*, 746 F.3d 782 (7th Cir. 2014). He contends the *Shields* court questioned the Seventh Circuit's prior decision *Iskander v. Village of Forest Park*, 690 F.2d 126 (7th Cir. 1982), and suggested that respondeat superior claims should be permissible in Section 1983 actions. In *Iskander*, the Seventh Circuit expressly held that "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Id.* at 128.

As plaintiff concedes, however, the Seventh Circuit has not overruled *Iskander*. Instead, in *Shields* the Seventh Circuit merely pondered whether "a new approach [was] needed [to determine] whether corporations should be insulated from *respondeat superior* liability under § 1983." *Shields*, 746 F.3d at 795. In the end, the Seventh Circuit was clear that the law of this circuit "still extends *Monell* [and prevents respondeat superior liability] from municipalities to private corporations." *Id.* at 796. (citations omitted). More recently, the Seventh Circuit reiterated that *Iskander* remains good law in *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014), *reh'g and suggestion for reh'g en banc denied* (Sept. 9, 2014) ("Our considered decision in *Iskander* is compatible with the holding of every circuit to have addressed the issue.") (citing *Shields*, 746 F.3d at 790 & n. 2).

This court is bound to follow existing precedent. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("[D]ecisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted). The Seventh Circuit has not overruled *Iskander* and the law of this circuit is that private corporations cannot be liable pursuant to Section 1983 under a respondeat superior theory. *Shields*, 746 F.3d at 796. As such, plaintiff cannot proceed with his claim that Wexford is liable for the actions of its employees and Wexford's motion to dismiss count III [147] is granted.

For the reasons above, defendants' motion to dismiss count III [147] is granted.

Date: 3/16/2015　　　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　　　／s／ Philip G. Reinhard
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

　　　　　　　　　　　　　　　　　　　　　　　　　　　Electronic Notices. (LC)

3